Théda W. Page
THE PAGE LAW FIRM
1125 Legacy Drive, Suite 320
Frisco, TX 75034
214.618.2101
214.618.3101 (Fax)
Attorney for Anna Marie Stroh

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | **Case Number:** |
| **JOHN T. STROH** | § | **24-41493** |
|     **Debtor** | § | |
| | § | **Chapter 7** |

| | | |
|---|---|---|
| **ANNA MARIE STROH** | § | |
| | § | **Adv. Proc Number: 24-_____** |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JOHN T. STROH** | § | |
|     **Defendant** | § | |

## ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO SECTION 523 OF THE UNITED STATES BANKRUPTCY CODE

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES **ANNA MARIE STROH** (hereinafter referred to as "Plaintiff"), a creditor in the above-styled case by and through her attorney of record, and files this her Complaint to Determine Dischargeability of Debt against **JOHN T. STROH** pursuant to Section 523 of the United States Bankruptcy Code and would respectfully show this Court as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. Section 157(a), 28 U.S.C. Section 157(b)(1) and 28 U.S.C. Section 157(b)(2)(1).

## PARTIES

2.      Debtor **JOHN T. STROH** (hereinafter referred to as "Defendant" or "Debtor") may be served with the summons and complaint by serving him via Certified Mail, Return Receipt Requested at 2609 Royal Circle, Plano, Texas 75075-1914 or 4849 Glen Heather Drive, Frisco, TX 75034.  Plaintiff is a creditor of the Debtor in the above matter.

## FACTUAL BACKGROUND

3.      On June 26, 2024 Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4.      The Debtor has listed Plaintiff as a Creditor on Schedule F Nonpriority Unsecured Claims, in the amount of $50,000.00 described as "Obligations arising out of a separation agreement or divorce that you did not report as priority claims."

5.      The debt owed by Debtor to Plaintiff arises out of divorce proceedings in Cause No. 21-5527-442, in the 442nd Judicial District of Denton County, Texas.  Specifically, the Agreed Final Decree of Divorce ("Decree") entered on or about December 20, 2021 awarded the following to Plaintiff:

> "As an equalization payment of the division of the community estate, the sum of $110,000.00 payable by Respondent to Petitioner due in equal monthly payments of $2,000.00 per month beginning on January 1, 2022 and due on the first of each month there for the following 54 months, via Zelle."

See relevant portions of the Decree attached hereto as Exhibit A and incorporated by reference herein.

As of September 23, 2024 Debtor owes Plaintiff $50,507.03

## LEGAL AUTHORITY IN SUPPORT OF PLAINTIFF'S CLAIMS

6.      Section 523(a)(15) of the Bankruptcy provides that debts owed to a former spouse of the debtor incurred by the debtor in a divorce decree are not dischargeable in bankruptcy.

Section 523(a)(15) of the Bankruptcy Code read as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) **that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.**
> 11 U.S.C. §§ 523(a)(15) (emphasis added)

7.      The liability created by the Debtor constitutes a debt of the Debtor that is nondischargeable pursuant to Section 523 of the Bankruptcy Code.

8.      All conditions precedent to Plaintiff's recovery in this action have occurred or have been satisfied.

## ATTORNEYS' FEES and COSTS

10.      Plaintiff has been required to retain The Page Law Firm, PLLC to enforce Plaintiff's rights and has agreed to pay the firm a reasonable fee for its services.  Plaintiff has incurred, and will continue to incur reasonable attorneys' fees and costs, which Plaintiff seeks to recover as damages from Defendant.  *See In re Christian,* 111 B.R. 118, 122 (Bankr. W.D. Tex.

1989) ("Simply put, if the claims against the defendant in the present case are determined to be nondischargeable, the attorneys' fees are also nondischargeable.")

## <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSDIERED, Plaintiff, **ANNA MARIE STROH,** respectfully prays that Defendant, **JOHN T. STROH,** be cited to appear herein and upon final hearing that the Court enter judgment in favor of Plaintiff and against the Defendant in the amount of $50,507.03, as well as reasonable and necessary attorneys' fees and costs incurred, denying Defendant's discharge as to the obligations owing to Plaintiff as set forth herein under Section 523 (a)(15) and for such other and further relief as is just and proper.

Respectfully Submitted,
THE PAGE LAW FIRM

/s/ Théda W. Page
Théda W. Page
1125 Legacy Drive
Suite 320
Frisco, TX  75034
214.618.2101
214.618.3101(fax)
SBOT 15410725
theda@pagelawfirm.com