IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHN T. STROH, | § § | CASE NO. 24-41493 |
| | § | (Chapter 7) |
| DEBTOR | § | |
| ANNA MARIE STROH | § § | |
|     Plaintiff, | § § | |
| vs. | § § | ADV. NO. 24-04070 |
| | § | |
| JOHN T. STROH | § | |
|     Defendant. | § | |

## ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

**TO THE HONORABLE JOSHUA P. SEARCY, U.S. BANKRUPTCY JUDGE:**

John T. Stroh ("***Debtor***" or "***Defendant***") files his Answer ("***Answer***") to the Original Complaint to Determine Dischargeability of Debt Pursuant to Section 523 of the United States Bankruptcy Code ("***Complaint***") filed by Anna Marie Stroh ("***Plaintiff***") as follows:

## Answer

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. There is no paragraph 9 in the Complaint.

1

10. Defendant denies the allegations contained in paragraph 10 of the Complaint. Plaintiff cites *In re Christian,* 111 B.R. 118, 122(Bankr. W.D. Tex. 1989) as support for her allegation that she is entitled to recovery attorney's fees on her nondischargeability claims. The *Christian* case dealt with the issue of whether attorney's fees awarded as a part of a prior state court judgment were nondischargeable in a bankruptcy case if he underlying debt was nondischargeable. In that case Judge Leif Clark held that court ordered attorney's fees included in a judgment are nondischargeable if the debt upon which the attorney's fees was awarded is nondischargeable. In the instant case there is no prior state court award of attorney's fees and there is no statutory or contractual basis to award attorney's fees for the nondischargeability claims asserted in the Complaint. Thus, Plaintiff has no basis to seek the award of attorney's fees.

**Affirmative Defenses**

11. Plaintiff has received post-bankruptcy payments on the debt referenced in the Complaint. Plaintiff asserts as an affirmative defense the right to have the debt credited with the amount of such payments.

12. Defendant reserves and asserts all affirmative defenses under any applicable federal or state law and reserves the right to assert other defenses, cross-claims and third-party claims when and if they become appropriate in this action. Defendant further reserves the right to amend this Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court to deny Plaintiff the relief sought in the Complaint and that Defendant be granted such other and further relief to which he is justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
Telephone: (214) 880-1805
cmoser@qslwm.com (Email)

By: */s/ Christopher J. Moser*
   Christopher J. Moser
   State Bar No. 14572500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, a true and correct copy of the foregoing Answer was served by email and by regular U.S. mail upon Theda W. Page, Esq., 1125 Legacy Drive, Suite 320, Frisco, Texas 75034.

                                                 */s/ Christopher J. Moser*